**STATE, ex rel. CLARK, Plaintiff, v. DEPARTMENT OF MENTAL HYGIENE AND CORRECTION et, Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 5258.   Decided March 31, 1955.

Lyman & Lyman, Webster S. Lyman, Jr., of Counsel, Columbus, for plaintiff.

Hon. C. William O'Neill, Atty. Genl., Roger B. Turrell, Asst. Atty. Genl., Columbus, for defendants.

**OPINION**

By THE COURT.

Submitted on motion of the defendants, State of Ohio, Department of Mental Hygiene and Correction, Division of Correction, Department of Mental Hygiene and Correction and Ohio Pardon and Parole Commission, seeking an order quashing the service of summons for the reason that this Court has no jurisdiction to entertain this action against the State of Ohio or any of above named defendants.   The law is well settled that the State of Ohio cannot be sued in its own courts or the Federal Courts without its consent, except in the limited class of cases in which a state may be made a party in the Supreme Court of the United States by virtue of the original jurisdiction conferred on that court by the Constitution.   **37 O. Jur. 265.**   It is to be noted that the service of summons was served upon the state departments and the members constituting the department are not party to the action.   The departments are branches of the State Government which is sovereign and may not be sued except in such manner as may be provided by law. **Article I, Section 6, Constitution of Ohio.**   Since no provision has been made by our Legislature for making these defendants parties to the action, the motion to quash will be sustained.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 5258.   Decided June 14, 1955.

## OPINION

By MILLER, PJ.

This is an original action in mandamus wherein the relator is seeking an order requiring the respondents to restore him to the status of that of a prisoner confined in the Ohio State Reformatory at Mansfield, Ohio, instead of that of an inmate of the Ohio Penitentiary.

The amended petition alleges that the relator was sentenced on January 30, 1953, to the State Reformatory on being convicted of armed robbery; that he was duly committed to said institution, and the director thereof fixed the time of his appearance before the Pardon and

Parole Commission as January, 1955; that on March 10, 1953, he was transferred to the Ohio Penitentiary where he is now confined; that the respondents have extended his time for a hearing before the Parole Board to July, 1959.

He alleges further that his sentence to the Reformatory was lawful for the reason that he had never been convicted of a felony and that at the time of sentence he had not attained the age of thirty-one years.

The respondents have filed a demurrer to the amended petition on the ground that it does not state facts sufficient to constitute a cause of action. The relator's claim is based on §2965.33 R. C., which provides:

"Any prisoner sentenced or committed to a penal or reformatory institution may be transferred therefrom to another such institution but he shall continue to be subject to the same conditions as to term of sentence, diminution of sentence, and parole as if confined in the institution to which he was originally sentenced or committed."

It is urged that the extension of time for the hearing before the Parole Board was in violation of the cited section. Clearly, the claim of the relator is well made providing the sentence to the Reformatory was in accordance with law. If he could not meet the requirements of the statute permitting a sentence to the Reformatory, then the sentence thereto was not proper. The law which defines who is eligible to commitment to the Reformatory is found in §5143.03 R. C., to wit:

"The superintendent of the reformatory shall receive all male criminals between the ages of sixteen and thirty years sentenced to the reformatory, if they are not known to have been previously sentenced to a state prison. Male persons between the ages of sixteen and twenty-one years convicted of a felony shall be sentenced to the reformatory instead of the penitentiary. Male persons between the ages of twenty-one and thirty years may be sentenced to the reformatory if the Court passing sentence deems them amenable to reformatory methods. No male person convicted of murder in the first or second degree shall be sentenced or transferred to the reformatory."

Now, does the petition set forth sufficient facts to establish that the relator was eligible for a sentence to the Reformatory? It will be noted that it alleges that at the time of sentence "he had not yet attained the age of thirty-one years." Under this allegation he could have been over thirty years of age at the time of sentence and if so he was not between the ages of twenty-one and thirty, and therefore not eligible for a sentence to the Reformatory. A person improperly sentenced to the Reformatory is subject to a transfer to the penitentiary under §5143.09 R. C., which provides:

"The department of mental hygiene and correction, with the written consent of the governor, may transfer to the penitentiary a prisoner, who, subsequent to his committal to the reformatory, shall be shown to have been more than thirty years of age at the time of his conviction or to have been previously convicted of crime. The department may transfer an apparently incorrigible prisoner whose presence in the reformatory appears to be seriously detrimental to the well being of the reformatory."

Since it is alleged that the transfer was made the presumption must follow that it was made regularly in the absence of any showing to the contrary. It is our conclusion that the petition does not allege sufficient facts to establish that the commitment to the Reformatory was in conformance with law. If it was not, he is not entitled to the benefits enumerated under §2965.33 R. C. Mandamus does not lie unless it clearly appears that the relator is entitled to the relief sought.

The demurrer will be sustained.

HORNBECK and WISEMAN, JJ, concur.